### UNITED STATES v. CLAWSON et al.

(District Court, E. D. Missouri, E. D. June 18, 1902.)

#### No. 4,661.

1. REVENUE LAW—STAMP TAX—MEMORANDUM OF SALE—SALES BY AGENT.

Act March 2, 1901 (31 Stat. 943), provides that every corporation which shall in its own behalf, or as agent, conduct what is commonly known as a "bucket shop," shall pay a stamp tax of 2 cents on each $100 of the face value, or fraction thereof, of all stocks, bonds, or other securities covered, etc. Held, that where defendant commission company contracted with S. that the latter should open a separate office, and send trades obtained to defendant, and for his services defendant agreed to pay one-fourth of the commission charged to the customer, and S. received an order for stocks, which he transmitted to defendant, and which was filled by the latter, whereupon S. executed a memorandum of the sale, which he duly stamped, S. acted simply as the agent of defendant, and hence the latter was not guilty of a violation of the statute by reason of its failure to execute and stamp a memorandum of sale to S.

David P. Dyer, U. S. Dist. Atty.
Chester H. Krum, for defendants.

ADAMS, District Judge (directing verdict). This is an indictment under the provisions of the act of March 2, 1901 (31 Stat. 943). This act subjects any persons or corporations engaged in the business of making contracts, agreements, trades or transactions respecting the purchase or sale of provisions, stocks, or bonds, when no actual deliveries are contemplated, but when settlements are to be made according to future market quotations, to the payment of a certain annual tax for each office or place of business; and in addition thereto the act provides as follows:

"Every person, association, co-partnership and corporation who or which shall in his or its own behalf, or as agent, conduct what is commonly known as a 'bucket shop,' shall pay a stamp tax of two cents on each one hundred dollars in value, or fraction thereof, of the merchandise covered or pretended to be covered, and also a tax of two cents on each one hundred dollars of the face value, or fraction thereof, of all stocks, bonds or other securities covered or pretended to be covered by each and all of such contracts, agreements, trades or transactions."

The defendants are charged with the offense of making a contract or transaction with one F. C. Swartz for the sale of 25 shares of the capital stock of the Union Pacific Railroad Company, without affixing a stamp upon the memorandum of such sale, denoting the payment of the internal revenue tax required by the act to be paid on such transactions. The defendants admit that they were engaged in the bucket-shop business, within the meaning of the act in question, but contend that they made no transaction with Swartz, such as is charged in the indictment. The undisputed evidence shows that the defendant Clawson was the manager of the defendant the Boyd Commission Company, and that his relation to the transaction involved in this case is that of such manager only; that this commission company had a contract or agreement with Swartz by which he was to secure business for it on joint account, and to receive a certain portion of one (and only one) commission to be charged on each transaction made by him for the commission company (I believe the evidence is that he was to receive one-fourth, and the commission company three-fourths, of each such commission); that Swartz was to keep a separate office, with private telegraphic communication between it and the office of the commission company; that no general business was to be done by Swartz, but, on the other hand, he was to work exclusively for the commission company. The method of transacting business was that Swartz should solicit or secure customers for the sale or purchase of provisions, stocks, bonds, or ot securities, and whenever he should secure a customer, or receive a proposition for the purchase or sale, immediately report the same to the commission company by the private wire; and, on its approval of the transaction, Swartz was to make the memorandum of sale or purchase, as the case might be, in his own name, and affix thereto the stamp denoting the payment of the requisite tax, and deliver such a memorandum to the customer. All margins received were to be forthwith delivered by Swartz to the commission company. Such is the uncontradicted testimony concerning the business relations between Swartz and the commission company. The immediate transaction made the basis of the present indictment is that one Loomis applied to Swartz, at his office, to purchase 25 shares of the Union Pacific Railroad stock. Swartz thereupon wired the commission company of Loomis' application, for its approval, and was forthwith advised of its approval and acceptance of Loomis' order. Thereupon Swartz executed the memorandum of sale in his own name, affixed the required stamp, delivered the same to Loomis, received the required margin, and in due course accounted to the commission company therefor. The books of the latter company showed the full transaction, and by the number ascribed thereto, coinciding with the number on the memorandum of sale executed by Swartz, rendered it entirely practicable and easy to trace the transaction so as to show that the one recorded in the books of the commission company was identical with the one disclosed by the memorandum of sale executed by Swartz.

From what has been already said, it is certain that Swartz, in the transaction with Loomis, acted as the agent of the commission com-

pany. It is true, he did not disclose the agency to Loomis, but this is of no significance in law. Loomis, on discovering the facts in the case, could have maintained an action (if otherwise available to him) directly against the undisclosed principal for the enforcement of his rights. But it is contended that, even if Swartz acted as agent for the commission company in the transaction, he, theoretically, at least, purchased the stock which he was to deliver to Loomis from the commission company, and therefore that the latter company was required by the provisions of the act of congress in question to make and stamp a memorandum of sale thereof to Swartz. To this contention I cannot give assent. If Swartz was agent of the commission company in the transaction, his act was the act of that company, and not his own. The transaction was the transaction of that company, and not the transaction of Swartz. He clearly could not, if the transaction was otherwise lawful, have maintained an action for the delivery of the stock in question to himself on the contract made by the commission company for delivery of the same to Loomis. There is no pretense that Swartz bought the stock of the commission company to "hedge" against his own liability to deliver an equal amount of stock to Loomis. If such were the case, there clearly would have been two transactions, each subject to taxation, within the meaning of the law. So it seems that in any phase of the evidence there was but one transaction, and that was a transaction between the commission company and Loomis, through Swartz, as an intermediary or agent of the commission company. To hold that there should have been two stamps, because, forsooth, Swartz represented to Loomis that he would sell him the stock, when he in fact intended to get the commission company to make the sale, would subject the transaction to double taxation.

My attention is called to a ruling of the commissioner of internal revenue, in which a different position is taken with respect to a transaction similar to the one now under consideration. I have the very highest respect for the opinions of commissioners who are constantly engaged in the consideration and administration of revenue laws. But in cases which find their way into court the responsibility rests with the court, and cannot be shifted to the shoulders of the commissioners. Being perfectly clear in my own mind that the transaction disclosed by the evidence in this case is a single transaction, I cannot treat it as involving two, and as requiring the payment of a tax by the principal, when the agent has already paid all the tax to which the single transaction is subject.

These observations are decisive of this case, but they must not be construed so as to permit of any evasion of the law. If the transaction is, in its substance and reality, a single transaction, there can be but one tax exacted from the parties to it. But care must be observed by parties who are making deals through an agent to keep their accounts of such transactions so as clearly to identify the one begun by an agent with that concluded by the principal. The books of the principal should in all cases be so kept as clearly to show that the order which the principal is filling is the very order which the agent took from the customer, and no different one. Where

that is perfectly clear and distinct, there ought not to be an imposition of a double tax. It is a single transaction, and a single tax is all that is necessary.

In the light of the uncontradicted evidence introduced in this case, the jury must return a verdict of not guilty.